# 24-1568-cv

## In the United States Court of Appeals for the Second Circuit

---

THE CITY OF NEW YORK,
PLAINTIFF-APPELLEE

*v.*

EXXON MOBIL CORPORATION; EXXONMOBIL OIL CORPORATION;
ROYAL DUTCH SHELL PLC; SHELL OIL COMPANY; BP P.L.C.;
BP AMERICA INC.; AMERICAN PETROLEUM INSTITUTE,
DEFENDANTS-APPELLANTS

---

*ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK (CIV. NO. 21-4807)
(THE HONORABLE VALERIE CAPRONI, J.)*

---

**BRIEF OF APPELLANTS EXXON MOBIL CORPORATION, EXXONMOBIL OIL CORPORATION, ROYAL DUTCH SHELL PLC, SHELL OIL COMPANY, BP P.L.C., BP AMERICA INC., AND AMERICAN PETROLEUM INSTITUTE**

---

THEODORE V. WELLS, JR.
DANIEL J. TOAL
DAVID K. KESSLER
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
*1285 Avenue of the Americas
New York, NY 10019*

KANNON K. SHANMUGAM
KYLE SMITH
WILLIAM T. MARKS
JAKE L. KRAMER
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
*2001 K Street, N.W.
Washington, DC 20006
(202) 223-7300
kshanmugam@paulweiss.com*

*(additional counsel on signature block)*

# TABLE OF CONTENTS

Page

Introduction....................................................................................1

Statement of jurisdiction..............................................................2

Statement of the issues ................................................................3

Statement of the case ..................................................................3

Summary of argument ................................................................12

Standard of review......................................................................13

Argument......................................................................................14

I.    The district court erred by awarding fees and costs under
28 U.S.C. § 1447(c) after determining that appellants
raised an objectively reasonable ground for removal.................14

II.    The district court erred by assessing the reasonableness
of removal based on law and circumstances postdating
the time of removal .................................................................20

Conclusion....................................................................................25

# TABLE OF AUTHORITIES

## CASES

*Briarpatch Limited, L.P.* v. *Phoenix Pictures, Inc.*,
    373 F.3d 296 (2d Cir. 2004) ...............................................19

*Brown* v. *Jevic*, 575 F.3d 322 (3d Cir. 2009)...........................18

*Calabro* v. *Aniqa Halal Live Poultry Corp.*,
    650 F.3d 163 (2d Cir. 2011) .........................................13, 16

*City of New York* v. *BP p.l.c.*, 325 F. Supp. 3d 466 (S.D.N.Y. 2018).................4

*City of New York* v. *Chevron Corp.*, 993 F.3d 81 (2d Cir. 2021) .........................4

*Common Cause* v. *Lewis*, 956 F.3d 246 (4th Cir. 2020)..............................17, 18

*Connecticut* v. *Exxon Mobil Corp.*, 83 F.4th 122 (2d Cir. 2023) ............*passim*

Page

Cases—continued:

*Connecticut* v. *Exxon Mobil Corporation*,
 Civ. No. 20-1555, 2021 WL 2389739 (D. Conn. June 2, 2021) .................6, 10

*Convent Corp.* v. *City of North Little Rock*,
 784 F.3d 479 (8th Cir. 2015)....................................................18, 23

*Exxon Mobil Corp.* v. *Allapattah Services, Inc.*, 545 U.S. 546 (2005)............18

*Grable & Sons Metal Products, Inc.* v. *Darue Engineering & Manufacturing*, 545 U.S. 308 (2005) ...............................................5

*Knop* v. *Mackall*, 645 F.3d 381 (D.C. Cir. 2011)................................16

*Legg* v. *Wyeth*, 428 F.3d 1317 (11th Cir. 2005) ...................................23

*Lott* v. *Pfizer, Inc.*, 492 F.3d 789 (7th Cir. 2007) .....................................*passim*

*Lussier* v. *Dollar Tree Stores, Inc.*, 518 F.3d 1062 (9th Cir. 2008) .................23

*Martin* v. *Franklin Capital Corp.*:

 393 F.3d 1143 (10th Cir. 2004).........................................................22

 546 U.S. 132 (2005)..................................................................*passim*

*Ohio ex rel. Skaggs* v. *Brunner*, 629 F.3d 527 (6th Cir. 2010) ...................22, 23

*Tamm* v. *Cincinnati Insurance Co.*, 858 Fed. Appx. 412 (2d Cir. 2021) ........23

*Valdes* v. *Wal-Mart Stores, Inc.*, 199 F.3d 290 (5th Cir. 2000)........................21

*Vera* v. *Saks & Co.*, 335 F.3d 109 (2d Cir. 2003)................................23

*Vermont* v. *Exxon Mobil Corp.*,
 Civ. No. 21-260, 2024 WL 446086 (D. Vt. Feb. 6, 2024)...............................10

*Virgin Islands Housing Authority* v. *Coastal General Construction Services Corp.*, 27 F.3d 911 (3d Cir. 1994)............................22

Page

Case—continued:

*Williams* v. *International Gun-A-Rama*,
    416 Fed. Appx. 97 (2d Cir. 2011) ........................................................16, 23, 25

**STATUTES**

Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4..........*passim*

28 U.S.C. § 1291 ..................................................................................................3

28 U.S.C. § 1332(d)..............................................................................................5

28 U.S.C. § 1442 ..................................................................................................5

28 U.S.C. § 1443 ................................................................................................17

28 U.S.C. § 1447(c) ....................................................................................*passim*

43 U.S.C. § 1349(b)(1)..........................................................................................5

## CORPORATE DISCLOSURE STATEMENT

Appellant American Petroleum Institute has no parent corporation, and no publicly held company owns 10% or more of its stock.

Appellant BP p.l.c. has no parent corporation, and no publicly held company owns 10% or more of its stock.

Appellant BP America Inc. is a wholly owned indirect subsidiary of BP p.l.c.

Appellant Exxon Mobil Corporation has no parent corporation, and no publicly held company owns 10% or more of its stock.

Appellant ExxonMobil Oil Corporation is a wholly owned indirect subsidiary of Exxon Mobil Corporation.

Appellant Shell plc (f/k/a Royal Dutch Shell plc) is a public limited company incorporated under the laws of England and Wales. Shell plc does not have any parent corporations. As of September 20, 2024, Shell plc has not been notified by any publicly traded company that it owns 10 percent or more of Shell plc's issued share capital.

Appellant Shell USA, Inc. (f/k/a Shell Oil Company) is a wholly owned subsidiary of Shell Petroleum Inc., whose ultimate corporate parent is Shell plc. No other publicly held company owns 10 percent or more of the stock of Shell USA, Inc.

iv

# INTRODUCTION

When a district court remands a removed action to state court because of a lack of subject-matter jurisdiction, the court may award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal" under 28 U.S.C. § 1447(c). The Supreme Court has held that "courts may award attorney's fees under [Section] 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin* v. *Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Accordingly, "when an objectively reasonable basis exists, fees should be denied." *Id.* Courts of appeals applying *Martin* have further held that the presence of a single reasonable ground for seeking removal precludes an award of fees and costs under Section 1447(c) and that a court should assess the reasonableness of removal based on the law and circumstances at the time of removal.

In the decision below, the district court determined that one of appellants' grounds for removal was objectively reasonable, but it nevertheless awarded fees and costs to appellee related to five of appellants' other grounds for removal. And in so doing, the court focused not on the law and circumstances at the time of removal, but instead on the law and circumstances more than two years later, after the court denied appellee's initial motion to remand and invited appellee to resubmit its motion in light of this Court's decision in

*Connecticut* v. *Exxon Mobil Corp.*, 83 F.4th 122 (2023), which addressed similar arguments for removal of similar claims.

The district court's award thus rests on two independent legal errors: the court impermissibly awarded fees and costs despite the presence of an objectively reasonable ground for removal, and it assessed reasonableness at the wrong point in time. The district court thus abused its discretion. Under the correct legal standards, an award of fees and costs under Section 1447(c) was impermissible. The district court's award should be reversed.

## STATEMENT OF JURISDICTION

On May 28, 2021, appellants removed this action from the Supreme Court of the State of New York for the County of New York to the United States District Court for the Southern District of New York. *See* J.A. 109-205. On May 8, 2024, the district court entered an order granting appellee's motion to remand and granting in part appellee's request for fees and costs under 28 U.S.C. § 1447(c). *See* J.A. 215-238. The district court directed the parties to meet and confer in order to attempt to reach agreement on the amount of such fees and costs; the court contemplated the submission of a formal fee application only if the parties could not reach agreement. *See* J.A. 237-238.

On June 7, 2024, appellants filed a protective notice of appeal from the portion of the district court's order granting in part appellee's request for fees and costs, noting that it was uncertain whether the court would enter any

further fee award or relevant order in light of the meet-and-confer ordered by the court. *See* J.A. 239-240. The parties ultimately reached agreement on the amount of potential fees and filed a stipulation to that effect, which the district court so-ordered on July 10, 2024. *See* J.A. 242-246. This Court has jurisdiction under 28 U.S.C. § 1291. The district court had jurisdiction to award fees and costs under 28 U.S.C. § 1447(c).

## STATEMENT OF THE ISSUES

1.      Whether the district court erred by awarding fees and costs under 28 U.S.C. § 1447(c) despite its determination that one of appellants' grounds for removal was objectively reasonable.

2.      Whether the district court erred by assessing the reasonableness of appellants' grounds for removal, for purposes of an award of fees and costs under Section 1447(c), based on the law and circumstances that existed at the time of appellants' opposition to appellee's renewed motion to remand, instead of at the time of removal.

## STATEMENT OF THE CASE

1.      This case is the second attempt by plaintiff-appellee City of New York to impose liability on the energy industry for global climate change. In 2018, appellee filed a lawsuit in the Southern District of New York against defendants-appellants Exxon Mobil Corporation (ExxonMobil), BP p.l.c., and

Shell plc (formerly known as Royal Dutch Shell plc), as well as two other energy companies, invoking federal diversity jurisdiction. *See City of New York* v. *Chevron Corp.*, 993 F.3d 81, 86, 94 (2d Cir. 2021). Appellee alleged that the defendants "orchestrated a campaign of deception and denial regarding climate change" and launched a "sophisticated advertising campaign[]" to "portray fossil fuels as environmentally responsible." *See* Dkt. 80, at 3-4, *City of New York* v. *BP p.l.c.*, 325 F. Supp. 3d 466 (S.D.N.Y. 2018) (Civ. No. 18-182). Appellee claimed that the defendants' worldwide "production, promotion, and sale of fossil fuels" constituted a nuisance under state law, *City of New York*, 993 F.3d at 88, and alleged that the defendants caused "increasingly severe injuries" by "marketing" and "extensively promot[ing] fossil fuels for pervasive use" and misleading the public by "denying or downplaying" the risks of climate change, *City of New York*, 325 F. Supp. 3d at 468-470. The district court dismissed appellees' claims, and this Court unanimously affirmed, holding that a municipality may not "utilize state tort law to hold multinational oil companies liable for the damages caused by global greenhouse gas emissions." *City of New York*, 993 F.3d at 85. Appellee did not seek Supreme Court review.

Three weeks after that decision, on April 22, 2021, appellee filed this new lawsuit. *See* J.A. 10-108. Appellee once again named ExxonMobil, BP p.l.c., and Shell plc as defendants. But it added appellants-defendants ExxonMobil

4

Oil Corporation, Shell Oil Company (now known as Shell USA, Inc.), BP America Inc., and the American Petroleum Institute. *See* J.A. 18-28. Appellant ExxonMobil Oil Corporation is the only defendant resident in the State of New York. *See* J.A. 19.

As in appellee's first lawsuit, the complaint here alleges that climate change is "one of the greatest threats facing humanity" and that the defendants have "systematically and intentionally misled consumers . . . about the central role their products play in causing the climate crisis." J.A. 15. In this case, appellee asserts that the alleged conduct is actionable under municipal consumer-deception law rather than state tort law. *See* J.A. 60-67. Notably, appellee filed this case in New York state court, rather than federal court.

2. ExxonMobil and ExxonMobil Oil Corporation, with the consent of all other defendants, removed this action to federal court. *See* J.A. 109-205. The notice of removal asserted seven bases for removal: (1) federal-question jurisdiction based on the application of federal common law; (2) the federal-officer removal statute, 28 U.S.C. § 1442; (3) the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1349(b)(1); (4) federal-enclave jurisdiction; (5) diversity jurisdiction; (6) the Class Action Fairness Act, 28 U.S.C. § 1332(d); and (7) the substantial-federal-question doctrine, *see Grable & Sons Metal Products, Inc.* v. *Darue Engineering & Manufacturing*, 545 U.S. 308 (2005). *See* J.A. 123-125. With respect to diversity jurisdiction, appellants argued that

complete diversity was present because appellee had fraudulently joined ExxonMobil Oil Corporation, which was the only non-diverse defendant and was not named in appellee's earlier lawsuit. *See* J.A. 193-197. In particular, appellants argued that ExxonMobil Oil Corporation was a "strawman" defendant with no alleged connection to the case and against whom appellee had no real interest in obtaining a judgment. J.A. 194.

Before removing this case, ExxonMobil had removed a similar climate-change case filed by the State of Connecticut from Connecticut state court to the District of Connecticut. *See Connecticut* v. *Exxon Mobil Corp.*, Civ. No. 20-1555, 2021 WL 2389739, at *2 (June 2, 2021). ExxonMobil asserted some of the same bases for removal as appellants assert here, including federal common law, the federal-officer removal statute, and OCSLA. ExxonMobil did not, however, raise the same arguments for diversity jurisdiction and the substantial-federal-question doctrine as those raised here. *Compare id.* at *7-*10, *13-*14, *with* J.A. 193-197, 201-204. And it did not assert the Class Action Fairness Act as a basis for removal at all. *See generally Connecticut*, 2021 WL 2389739, at *2-*14. The district court in *Connecticut* granted the plaintiff's motion to remand but denied an award of fees and costs. *See id.* at *1. ExxonMobil appealed the remand order.

The following month, appellee moved to remand this case to state court based on a lack of subject-matter jurisdiction. *See* D. Ct. Dkt. 38. Appellee

also requested fees and costs under 28 U.S.C. § 1447(c), arguing that appellants' notice of removal was "objectively unreasonable." *Id.* at 43. After this Court stayed the remand order in *Connecticut*, however, the district court stayed this action pending this Court's merits decision in *Connecticut*. J.A. 206-207.

This Court issued its decision in *Connecticut* in September 2023. It rejected ExxonMobil's arguments for removal based on federal common law, the substantial-federal-question doctrine (based on a different theory than the one asserted here), the federal-officer removal statute, and OCSLA. *See* 83 F.4th at 132-147.

With respect to federal common law: the Court concluded that the well-pleaded complaint rule precluded removal on that basis and that ExxonMobil could not argue that federal common law completely preempted state law because it had conceded that the complete-preemption doctrine did not apply in that case. *See* 83 F.4th at 133-138 & n.4. The Court recognized that the question whether federal common law could "give rise to complete, jurisdictional preemption" was "an important one that calls out for resolution in this Circuit," but the Court declined to resolve it given ExxonMobil's concession. *See id.* at 138 n.4.

With respect to federal-officer removal: the Court first concluded that ExxonMobil could not show that it had "acted under a federal officer" based

on the record before it. 83 F.4th at 142-144. The Court also rejected Exx-onMobil's argument that the 2011 amendments to the federal-officer removal statute eliminated the requirement to show a causal nexus between the actions taken at federal direction and the charged conduct. *See id.* at 145 n.7.

3.      Appellee notified the district court here of the Court's decision in *Connecticut* and requested that the district court lift the stay and grant the motion to remand. *See* D. Ct. Dkt. 62. The district court lifted the stay but denied the motion to remand without prejudice, inviting appellee to resubmit its motion to incorporate the *Connecticut* decision and appellants to respond to that motion. *See* J.A. 208.

The parties subsequently conferred on the scope of the issues remaining open after *Connecticut*. Appellants agreed that *Connecticut* foreclosed removal under OCSLA but maintained that the remaining grounds for removal remained unresolved. *See* J.A. 210-214. For example, with respect to removal based on federal common law, appellants explained that they intended to argue that federal common law completely preempted appellee's state-law claims (the issue this Court expressly left open in *Connecticut*). *See id.* at 1; *see also Connecticut*, 83 F.4th at 138 n.4. With respect to federal-officer removal, appellants maintained that the record in *Connecticut* was narrower than the record here, and that appellants intended to argue, "for purposes of potential future appellate review," that the causal-nexus requirement applied

in *Connecticut* was erroneous. *See* J.A. 211. The decision in *Connecticut* also did not address removal based on diversity jurisdiction and the fraudulent-joinder doctrine; federal-enclave jurisdiction; the Class Action Fairness Act; or the particular theory of substantial-federal-question jurisdiction appellants were raising. *See id.*

After those discussions, appellee renewed its motion to remand. *See* D. Ct. Dkt. 68. Appellee again requested an award of fees and costs under 28 U.S.C. § 1447(c). *See id.* at 34-35. In opposition to the motion to remand, appellants, in recognition of this Court's ruling in *Connecticut*, abandoned their argument under OCSLA but renewed their other grounds for removal. With respect to federal common law, appellants raised the complete-preemption argument left open in *Connecticut*: namely, that "the federal common law of transboundary pollution and foreign affairs completely preempts state law." D. Ct. Dkt. 72, at 15. As for federal-officer removal, appellants "renew[ed] and preserve[d] the argument, for purposes of potential further appellate review," that a causal link was not required between the charged conduct and the acts under color of federal office. *Id.* at 25. Appellants also argued that federal-officer removal was warranted due to "the expanded record presented here compared to *Connecticut.*" *Id.*

4. The district court granted appellee's motion to remand and granted in part appellee's request for fees and costs. *See* J.A. 215-238. (The

9

district court's decision to remand the case is not at issue in this appeal.) With respect to the fee award, the district court recognized that the district court in *Connecticut* denied a similar request for fees and costs, holding that there was "an objectively reasonable basis for removal." J.A. 235 (quoting 2021 WL 2389739, at *15). The district court here also recognized that a Vermont district court had rejected a request for fees and costs in a materially similar case and held that the case involved "evolving areas of law and present[ed] pleadings that [were] reasonably subject to varying interpretations." J.A. 236 n.15 (quoting *Vermont* v. *Exxon Mobil Corp.*, Civ. No. 21-260, 2024 WL 446086, at *10 (D. Vt. Feb. 6, 2024)).

The district court nevertheless granted appellee's request in part. The court determined that appellants' argument for removal based on diversity jurisdiction and the fraudulent-joinder doctrine was objectively reasonable. *See* J.A. 237. In the court's words: "[a]lthough [appellants'] diversity jurisdiction argument was not a winner, the Court cannot say that it was unreasonable for [appellants] to press that argument." *Id.* Rather than denying the request for fees and costs, however, the court awarded fees and costs related to the five other grounds for removal that appellants had asserted in opposition to appellee's renewed motion to remand (federal common law, federal-officer removal, federal-enclave jurisdiction, the Class Action Fairness Act, and the substantial-federal-question doctrine). *See id.*

10

In so doing, the district court acknowledged that appellants "may have removed this case in good faith in 2021." J.A. 236. But the court stated that, regardless of "[w]hatever may have been the state of play in 2021," fees and costs were warranted because appellants had made arguments that "it was not reasonable for [them] to press when [appellee] renewed its motion for remand." J.A. 236-237. In particular, the court stated that several of appellants' arguments "had largely been decided by [this Court] in *Connecticut*." J.A. 237. It also rejected removal based on federal-enclave jurisdiction and the Class Action Fairness Act, noting that those arguments "had been roundly rejected by countless courts throughout the country" "in the three years since the Connecticut district court denied fees in *Connecticut*." J.A. 236.

The court ultimately awarded appellee fees and costs related to all of appellants' grounds for removal except for diversity jurisdiction. *See* J.A. 237. The court directed the parties to meet and confer to reach an agreement on the amount of fees and costs to be awarded. *Id.*

5. On July 9, 2024, the parties filed a stipulation setting the amount of fees and costs to be paid by appellants to appellee if the fee award were affirmed on appeal. *See* D. Ct. Dkt. 83. The district court so-ordered the stipulation. *See* J.A. 242-246.

## SUMMARY OF ARGUMENT

I.    The district court erred by awarding fees and costs under 28 U.S.C. § 1447(c) despite determining that appellants had an objectively reasonable basis for removal.

Under the Supreme Court's decision in *Martin* v. *Franklin Capital Corp.*, 546 U.S. 132 (2005), fees and costs should be awarded under Section 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. As a corollary to that rule, courts of appeals have held that a fee award is inappropriate where a defendant raises multiple grounds for removal and at least one of them is objectively reasonable.

In this case, the district court determined that removal based on diversity jurisdiction and the fraudulent-joinder doctrine was objectively reasonable. As a direct consequence, the district court should have rejected appellee's request for fees and costs. But the court proceeded to assess the reasonableness of appellants' arguments advanced in support of additional grounds for removal and to award fees and costs related to those grounds. The district court had no basis for departing from the established rules governing its discretion to award fees under Section 1447(c), and it thus erred as a matter of law.

II.    The district court further erred by focusing on the wrong point in time when assessing the reasonableness of removal. Published decisions of many other courts of appeals, and unpublished decisions of this Court, have

held that a court should analyze the reasonableness of removal based on the law and circumstances at the time of removal. But the district court here based its award on arguments that appellants made years after filing the notice of removal, when the court denied appellee's initial motion to remand and invited resubmission and rebriefing in light of *Connecticut* v. *Exxon Mobil Corp.*, 83 F.4th 122 (2d Cir. 2023). That analysis not only conflicts with precedent but also undermines the objectives of Section 1447(c), as identified in *Martin*, because it would disincentivize seeking removal whenever there is a risk that a subsequent legal or factual development could render a once-reasonable ground for removal unreasonable. The district court's award of fees and costs under Section 1447(c) was erroneous as a matter of law for this reason as well.

## STANDARD OF REVIEW

This Court reviews an award of fees and costs under 28 U.S.C. § 1447(c) for an abuse of discretion. *See*, *e.g.*, *Calabro* v. *Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 166 (2011). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Id.* (citation omitted).

13

## ARGUMENT

Under 28 U.S.C. § 1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The district court made two legal errors in awarding costs and attorney's fees to appellee under that provision. *First*, the district court awarded fees and costs despite having found that one of appellants' grounds for removal was objectively reasonable. *Second*, the district court assessed the reasonableness of removal based on the law and circumstances at the time of appellee's renewed motion to remand, not at the time of removal. Each of those legal errors constitutes an abuse of discretion, and an award of fees and costs was impermissible under the correct legal standard. The district court's award should thus be reversed.

## I. THE DISTRICT COURT ERRED BY AWARDING FEES AND COSTS UNDER 28 U.S.C. § 1447(C) AFTER DETERMINING THAT APPELLANTS RAISED AN OBJECTIVELY REASONABLE GROUND FOR REMOVAL

The district court determined that appellants' removal of this case on diversity grounds was objectively reasonable. *See* J.A. 237. Under precedent from the Supreme Court and other courts of appeals, the presence of that objectively reasonable ground for removal precluded any award of fees and costs under Section 1447(c).

A. The Supreme Court's seminal decision on the standard for awarding fees and costs under Section 1447(c) is *Martin* v. *Franklin Capital Corp.*,

546 U.S. 132 (2005). There, the Court considered and rejected arguments that fees and costs should be awarded "automatically" on remand or that there should be a "strong presumption" in favor of fees and costs. *Id.* at 136. The Court concluded that an automatic presumption would conflict with the statutory text (which uses the permissive "may" rather than the mandatory "shall") and that there was "no sound basis" for adopting a presumption in favor of fee awards. *Id.* at 136-137. The Court likewise declined to adopt a presumption *against* fee awards, concluding that Section 1447(c) leaves fee awards "to the district court's discretion, with no heavy congressional thumb on either side of the scales." *Id.* at 139.

Still, the Court continued, that did not mean that "no legal standard governs [a district court's] discretion." *Martin*, 546 U.S. at 139. To determine the appropriate standard for a court's exercise of that discretion, the Court analyzed the "large objectives" of Section 1447(c). *Id.* at 139-140 (citation omitted). On the one hand, automatic fee shifting would disincentivize removal in "all but obvious cases," which would be inconsistent with the fact that Congress "meant to confer a right to remove." *Id.* at 140. On the other hand, Congress "thought fee shifting appropriate in some cases," and "assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." *Id.* The Court thus

concluded that the "appropriate test" for awarding fees and costs under Section 1447(c) should reflect "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to removal as a general matter, when the statutory criteria are satisfied." *Id.*

The Court ultimately adopted a standard focused on the "reasonableness" of removal. *See Martin*, 546 U.S. at 141. The Court held that, "[a]bsent unusual circumstances, courts may award attorney's fees under [Section] 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*; *see, e.g.*, *Calabro* v. *Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 166 (2d Cir. 2011) (applying *Martin*); *Williams* v. *International Gun-A-Rama*, 416 Fed. Appx. 97, 99 (2d Cir. 2011) (same). Under *Martin*, therefore, a district court "abuses its discretion in awarding attorney's fees for an incorrect removal if the removing party had an objectively reasonable basis for removal." *Knop* v. *Mackall*, 645 F.3d 381, 382 (D.C. Cir. 2011) (Kavanaugh, J.) (internal quotation marks and citation omitted).

As other courts of appeals have recognized, a necessary corollary of the *Martin* standard is that an award under Section 1447(c) is not appropriate where a defendant raises multiple grounds for removal and at least one is objectively reasonable. The Seventh Circuit's decision in *Lott* v. *Pfizer, Inc.*, 492

16

F.3d 789 (2007), is illustrative. There, the defendant removed a class action from state court to federal court on two grounds: traditional diversity jurisdiction and the Class Action Fairness Act. *See id.* at 791. The district court granted the plaintiffs' motion to remand and awarded fees and costs under Section 1447(c) after concluding that removal on diversity grounds was objectively unreasonable. *See id.*

The Seventh Circuit reversed the fee award. *See* 492 F.3d at 794. It began from the premise that the "only question" was "whether either of [the defendant's] two bases for removal was objectively reasonable." *Id.* at 792. The court then concluded that removal under the Class Action Fairness Act was objectively reasonable, rendering the fee award impermissible regardless of whether the diversity ground for removal was "also reasonable." *Id.* at 794.

The Fourth Circuit took a similar approach in *Common Cause* v. *Lewis*, 956 F.3d 246 (2020). There, the defendants removed the case on two grounds: federal-question jurisdiction and the civil-rights removal statute (28 U.S.C. § 1443). *See id.* at 250-251. The district court remanded the case but declined to award fees and costs under Section 1447(c). *See id.* at 252.

The Fourth Circuit affirmed both the remand and the denial of fees and costs. *See* 956 F.3d at 256-257. In reviewing the district court's decision not to award fees, the Fourth Circuit analyzed only the civil-rights ground for re-

moval, reasoning that it was an "objectively reasonable—though weak and ultimately unsuccessful—basis for seeking removal." *Id.* at 257. Based on the presence of a single reasonable ground for removal, the Fourth Circuit held that the district court did not abuse its discretion by denying an award of fees and costs under Section 1447(c). *See id.* The Fourth Circuit did not proceed to assess whether the defendants' other ground for removal was reasonable. *See id.*

The principle recognized in *Lott* and *Common Cause* comports with the "large objectives" of Section 1447(c). *Martin*, 546 U.S. at 139-140. As already explained, Section 1447(c) seeks to "deter removals sought for the purpose of prolonging litigation and imposing costs on the imposing party" without undermining a defendants' right to remove a case where the statutory criteria are satisfied. *Id.* at 140. If a defendant removes a case on multiple grounds and at least one is objectively reasonable, there is no more reason to assume that removal was for the purpose of imposing expense and delay than if the defendant had removed a case on the single objectively reasonable ground. After all, a district court requires only one basis to assert original jurisdiction over one claim in order to render all related claims removable. *See, e.g., Convent Corp.* v. *City of North Little Rock*, 784 F.3d 479, 483 (8th Cir. 2015); *Brown* v. *Jevic*, 575 F.3d 322, 329 (3d Cir. 2009); *see also Exxon Mobil Corp.* v. *Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005). It thus makes sense that

a fee award under Section 1447(c) would be inappropriate where the defendant raises at least one objectively reasonable ground for removal.

B. Appellants removed this action on the ground, *inter alia*, that diversity jurisdiction existed. Although the complaint named ExxonMobil Oil Corporation, a non-diverse party, as a defendant, appellants asserted that appellee had fraudulently joined that party "in an effort to defeat federal jurisdiction." *Briarpatch Limited, L.P.* v. *Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004); *see* J.A. 193-197. Appellants explained that appellee had not named ExxonMobil Oil Corporation as a defendant in appellee's first climate-change lawsuit; that the complaint in this lawsuit did not include any specific allegations as to the conduct of ExxonMobil Oil Corporation; and that appellee's only apparent interest in adding ExxonMobil Oil Corporation was to defeat diversity jurisdiction. *See* J.A. 193-197. Appellants thus contended that, under the fraudulent-joinder doctrine, the court should disregard ExxonMobil Oil Corporation for purposes of determining whether complete diversity was present.

On the merits of that argument, the district court agreed that "the [c]omplaint could be more specific as to the culpable actions of [ExxonMobil Oil Corporation] specifically," but it determined that appellants had not met their burden of establishing outright fraud for purposes of the fraudulent-joinder doctrine. J.A. 227-231. The court declined to award fees under Section

1447(c) on that ground for removal, however, expressly determining that the argument was not "unreasonable" even though it was "not a winner." J.A. 237.

Under *Martin* and the precedent applying it, the district court's analysis should have ended there. Once the court concluded that one of appellants' grounds for removal was objectively reasonable, appellee's request for fees and costs should have been denied. *See Lott*, 492 F.3d at 792. But instead, the court proceeded to consider the reasonableness of the additional grounds for removal raised in appellants' opposition to the renewed motion to remand, and it awarded fees and costs as to those specific grounds. *See* J.A. 237.

That was erroneous as a matter of law. And although "district courts retain discretion to consider whether unusual circumstances warrant a departure from the [general] rule in a given case," *Martin*, 546 U.S. at 141, the district court did not invoke that exception here or otherwise identify any unusual circumstances that would warrant such a departure. Accordingly, because the district court determined that appellants' diversity ground for removal was objectively reasonable, it was not permitted to award fees and costs under Section 1447(c). The district court's award should thus be reversed.

## II. THE DISTRICT COURT ERRED BY ASSESSING THE REASONABLENESS OF REMOVAL BASED ON LAW AND CIRCUMSTANCES POSTDATING THE TIME OF REMOVAL

The district court also erred as a matter of law by assessing the reasonableness of removal based on the law and circumstances years after the notice

of removal was filed, when the district court invited resubmission and rebrief-ing of appellee's motion to remand in light of this Court's decision in *Connect-icut*. That error independently requires reversal.

The consensus among the federal courts of appeals is that a court must assess the reasonableness of removal for purposes of Section 1447(c) based on the law and circumstances at the time of removal, rather than at a later point in time. For example, in *Valdes* v. *Wal-Mart Stores, Inc.*, 199 F.3d 290 (2000)—which the Supreme Court cited approvingly in *Martin*—the Fifth Cir-cuit "evaluate[d] the objective merits of removal at the time of removal, irre-spective of the fact that it might ultimately be determined that removal was improper." *Id.* at 293; *see Martin*, 546 U.S. at 141. The Fifth Circuit pro-ceeded to disregard a post-removal decision when evaluating a request for fees and costs, noting that the defendant "did not have the benefit of [that] case when it removed the action to district court." 199 F.3d at 294.

The Seventh Circuit's decision in *Lott* is also instructive. There, the court recognized that the Supreme Court had "approved" the decision in *Val-des*, which "examin[ed] the clarity of the law at the time the notice of removal was filed." *Lott*, 492 F.3d at 792. Drawing an analogy to qualified immunity, the Seventh Circuit concluded that fees and costs should be awarded under Section 1447(c) if, "at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal." *Id.* at

21

793. That standard, the Seventh Circuit explained, appropriately "encourages litigants to make liberal use of federal courts, so long as the right to remove is not abused." *Id.*

The Tenth Circuit's decision in *Martin* v. *Franklin Capital Corp.*, 393 F.3d 1143 (2004)—which the Supreme Court affirmed, *see Martin*, *supra*—is of a piece. There, the defendant removed a case on diversity grounds, arguing that the amount in controversy was satisfied through the aggregation of punitive damages across a putative class. *See id.* at 1148. At the time, the Tenth Circuit had not weighed in on the issue, but two other circuits appeared to approve of that approach to satisfying the amount in controversy. *See id.* After removal, however, the decisions of those circuits were "severely limited and overruled," and the Tenth Circuit later rejected the aggregation of punitive damages. *Id.* The Tenth Circuit nevertheless upheld the district court's decision not to award fees under Section 1447(c), reasoning that the defendant had "legitimate grounds" for removal "when [they] removed th[e] action to federal court." *Id.* at 1151.

The Fifth, Seventh, and Tenth Circuits are not alone in assessing the reasonableness of removal for purposes of Section 1447(c) based on the law and circumstances at the time of removal. The published decisions of five other circuits are in accord. *See Virgin Islands Housing Authority* v. *Coastal General Construction Services Corp.*, 27 F.3d 911, 917 (3d Cir. 1994); *Ohio ex*

*rel. Skaggs* v. *Brunner*, 629 F.3d 527, 533 (6th Cir. 2010); *Convent Corp.*, 784 F.3d at 483 (8th Cir.); *Lussier* v. *Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008); *Legg* v. *Wyeth*, 428 F.3d 1317, 1320 (11th Cir. 2005).

This Court's decisions follow that consensus approach. In unpublished dispositions, the Court has held that "[o]bjective reasonableness is evaluated based on the circumstances as of the time that the case was removed." *Williams*, 416 Fed. Appx. at 99; *accord Tamm* v. *Cincinnati Insurance Co.*, 858 Fed. Appx. 412, 414 (2d Cir. 2021). That is consistent with the Court's general rule that a court should assess a defendant's right to removal as of "the time the removal notice is filed." *Vera* v. *Saks & Co.*, 335 F.3d 109, 116 n.2 (2003).

Assessing the reasonableness of removal based on the law and circumstances at the time of removal also makes sense in light of the purposes of Section 1447(c). Again, as the Supreme Court explained in *Martin*, "[i]f fee shifting were automatic, defendants might choose to exercise [the right to removal] only in cases where the right to remove was obvious." 546 U.S. at 140. The Court saw "no reason to suppose" that Congress "meant to confer a right to remove, while at the same time discouraging its exercise in all but obvious cases." *Id.* That same reasoning applies here: if factual and legal developments after removal could subject a removing defendant to an award of fees

and costs under Section 1447(c), defendants would be discouraged from removing cases unless the law is well-settled. Section 1447(c) contains no indication that Congress intended such a result.

Here, the district court did not base its award of fees and costs on the law and circumstances at the time of removal. To the contrary, the district court recognized that appellants "may have removed this case in good faith in 2021," and it explicitly stated that its decision to award fees was made without regard to "whatever may have been the state of play in 2021." J.A. 236. Yet the court proceeded to award fees under Section 1447(c) in any event, reasoning that appellants' arguments in opposition to appellee's renewed motion to remand—filed more than two years after the notice of removal—were "not reasonable . . . to press" in light of post-removal developments in the law. J.A. 237. In particular, the court cited this Court's decision in *Connecticut* v. *Exxon Mobil Corp.*, 83 F.4th 122 (2023), and decisions from other courts "in the three years since the Connecticut district court denied fees in *Connecticut*." *See* J.A. 236. Based on those post-removal developments, the court imposed fees and costs for all of appellants' grounds for removal except fraudulent joinder, including the complete-preemption argument expressly left open by the Second Circuit in *Connecticut*. J.A. 237; *see Connecticut*, 83 F.4th at 138 n.4.

That was legally erroneous. The district court needed to assess the objective reasonableness of removal "based on the circumstances as of the time that the case was removed." *Williams*, 416 Fed. Appx. at 99. Yet it based its analysis on legal developments that long postdated the notice of removal. *See* J.A. 235-237. Because the district court did not assess the reasonableness at the time of removal, the court erred as a matter of law.

## CONCLUSION

The order of the district court granting in part appellee's request for fees and costs under 28 U.S.C. § 1447(c) should be reversed.

Respectfully submitted,

/s/ Kannon K. Shanmugam

KANNON K. SHANMUGAM
KYLE SMITH
WILLIAM T. MARKS
JAKE L. KRAMER
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
  *2001 K Street, N.W.*
  *Washington, DC 20006*
  *(202) 223-7300*
  *kshanmugam@paulweiss.com*

DAVID C. FREDERICK
DANIEL S. SEVERSON
GRACE W. KNOFCZYNSKI
KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.
  *1615 M Street, N.W., Suite 400*
  *Washington, DC 20036*

*Attorneys for Shell plc (f/k/a Royal
Dutch Shell plc) and Shell USA Inc.
(f/k/a Shell Oil Company)*

THEODORE V. WELLS, JR.
DANIEL J. TOAL
DAVID K. KESSLER
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
  *1285 Avenue of the Americas*
  *New York, NY 10019*

AARON F. JAROFF
MCGUIREWOODS LLP
  *1251 Avenue of the Americas,*
  *20th Floor*
  *New York, NY 10020*

*Attorneys for Exxon Mobil
Corporation and ExxonMobil
Oil Corporation*

BRIAN D. SCHMALZBACH
MCGUIREWOODS LLP
  *800 East Canal Street*
  *Richmond, VA 23219*

*Attorneys for the American
Petroleum Institute*

DIANA E. REITER
ARNOLD & PORTER KAYE
  SCHOLER LLP
  *250 West 55th Street*
  *New York, NY 10019*

*Attorney for BP p.l.c. and
BP America Inc.*

SEPTEMBER 20, 2024

## CERTIFICATE OF COMPLIANCE
## WITH TYPEFACE AND WORD-COUNT LIMITATIONS

I, Kannon K. Shanmugam, counsel for appellant Exxon Mobil Corporation and ExxonMobil Oil Corporation and a member of the Bar of this Court, certify, pursuant to Federal Rule of Appellate Procedure 32(g) and Local Rule 32.1(a)(4), that the foregoing Brief of Appellants Exxon Mobil Corporation, ExxonMobil Oil Corporation, Royal Dutch Shell plc, Shell Oil Company, BP p.l.c., BP America Inc., and American Petroleum Institute is proportionately spaced, has a typeface of 14 points or more, and contains 5,715 words.

SEPTEMBER 20, 2024

/s/ Kannon K. Shanmugam
KANNON K. SHANMUGAM