# 24-1568-cv

## In the United States Court of Appeals for the Second Circuit

---

THE CITY OF NEW YORK,
PLAINTIFF-APPELLEE

*v.*

EXXON MOBIL CORPORATION; EXXONMOBIL OIL CORPORATION;
ROYAL DUTCH SHELL PLC; SHELL OIL COMPANY; BP P.L.C.;
BP AMERICA INC.; AMERICAN PETROLEUM INSTITUTE,
DEFENDANTS-APPELLANTS

---

*ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK (CIV. NO. 21-4807)
(THE HONORABLE VALERIE CAPRONI, J.)*

---

**REPLY BRIEF OF APPELLANTS EXXON MOBIL CORPORATION, EXXONMOBIL
OIL CORPORATION, ROYAL DUTCH SHELL PLC, SHELL OIL COMPANY, BP P.L.C.,
BP AMERICA INC., AND AMERICAN PETROLEUM INSTITUTE**

---

THEODORE V. WELLS, JR.
DANIEL J. TOAL
DAVID K. KESSLER
PAUL, WEISS, RIFKIND,
 WHARTON & GARRISON LLP
*1285 Avenue of the Americas
New York, NY 10019*

KANNON K. SHANMUGAM
KYLE SMITH
WILLIAM T. MARKS
JAKE L. KRAMER
PAUL, WEISS, RIFKIND,
 WHARTON & GARRISON LLP
*2001 K Street, N.W.
Washington, DC 20006
(202) 223-7300
kshanmugam@paulweiss.com*

---

*(additional counsel on signature block)*

# TABLE OF CONTENTS

Page

I.    The district court erred by awarding fees and costs under 28 U.S.C. § 1447(c) after determining that appellants raised an objectively reasonable ground for removal ............................... 2

II.   The district court erred by assessing the reasonableness of removal based on law and circumstances postdating the time of removal ........................................................... 9

III.  Unusual circumstances do not independently support the fee and cost award in this case ............................................ 12

# TABLE OF AUTHORITIES

## CASES

*Ashby* v. *McKenna*, 331 F.3d 1148 (10th Cir. 2003) ............................................ 13

*Badgerow* v. *Walters*, 596 U.S. 1 (2022) ...................................................... 4

*Bedminster Financial Group, Limited* v. *Umami Sustainable Seafood, Inc.*, Civ. No. 12-5557, 2013 WL 1234958 (S.D.N.Y. Mar. 26, 2013) ............. 9

*BP p.l.c.* v. *Mayor & City Council of Baltimore*, 593 U.S. 230 (2021).......... 4, 5

*Common Cause* v. *Lewis*:
   358 F. Supp. 3d 505 (E.D.N.C. 2019)................................................... 8
   956 F.3d 246 (4th Cir. 2020) ....................................................... 7-9

*Connecticut* v. *Exxon Mobil Corp.*, 83 F.4th 122 (2d Cir. 2023)................ 15, 16

*Dean* v. *Blumenthal*, 577 F.3d 60 (2d Cir. 2009) ................................... 10

*Lamar Company, L.L.C.* v. *Mississippi Transportation Commission*, 976 F.3d 524 (5th Cir. 2020) ....................................................... 14

*Lott* v. *Pfizer, Inc.*, 492 F.3d 789 (7th Cir. 2007) .............................. 7, 8

*Martin* v. *Franklin Capital Corp.*:
   393 F.3d 1143 (10th Cir. 2004) ....................................................... 12
   546 U.S. 132 (2005) ........................................................... *passim*

Page

Cases—continued:

*MicroMetl Corp.* v. *Tranzact Technologies, Inc.*,
656 F.3d 467 (7th Cir. 2011) .................................................... 14

*Morgan Guaranty Trust Company of New York*
v. *Republic of Palau*, 971 F.2d 917 (2d Cir. 1992)....................................14, 15

*Trustees of New York State Nurses Association Pension Plan*
v. *White Oak Global Advisors, LLC*, 102 F.4th 572 (2d Cir. 2024) .............. 6

*Valdes* v. *Wal-Mart Stores, Inc.*, 199 F.3d 290 (5th Cir. 2000) ........................ 12

*Vlaming* v. *West Point School Board*,
480 F. Supp. 3d 711 (E.D. Va. 2020) ............................................... 8, 9

*Williams* v. *International Gun-A-Rama*,
416 Fed. Appx. 97 (2d Cir. 2011) ...................................................9-11

## STATUTES AND RULE

28 U.S.C. § 1447(c) ................................................................. *passim*

28 U.S.C. § 1927 ........................................................................ 5

Fed. R. Civ. P. 11....................................................................... 4, 5

The district court erred by awarding fees and costs to appellee under 28 U.S.C. § 1447(c). A fee award is appropriate under that provision only when the removing party lacked "an objectively reasonable basis for seeking removal." *Martin* v. *Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Because the district court determined that appellants had an objectively reasonable basis for removal, it erred as a matter of law by granting the award. The district court independently erred by not assessing the reasonableness of removal based on the law and circumstances at the time of removal. The award of fees and costs under Section 1447(c) should accordingly be reversed.

Appellee's defense of the district court's award does not withstand scrutiny. Appellee contends that an award of fees and costs can be assessed based on any ground for removal that the district court concludes is unreasonable, regardless of whether any other reasonable ground existed. But that position is irreconcilable with *Martin*, which states that, "when an objectively reasonable basis [for removal] exists, fees should be denied." 546 U.S. at 141. Nor can appellee's argument be reconciled with the objectives of Section 1447(c) and the holdings of other courts of appeals.

Appellee is also wrong that it was appropriate for the district court to assess the reasonableness of removal based on the law and circumstances as they existed years after appellants removed this action to federal court. Ap-

pellee does not dispute that the courts of appeals, including this Court in unpublished decisions, have unanimously held that courts must assess the reasonableness of removal as of the time of removal. Nor does appellee contend that those cases were wrongly decided. Rather, appellee asks for an exception to that general rule based on the particular facts of this case. There is no sound basis for that request.

Finally, appellee seeks to avoid review of the district court's legal errors by arguing that the fee award can be independently justified based on "unusual circumstances." But the district court itself declined to ground its award on that basis; a district court lacks discretion to award fees where an objectively reasonable basis for removal is present; and no unusual circumstances were present in any event. The district court's order awarding fees and costs under Section 1447(c) should thus be reversed.

## I. THE DISTRICT COURT ERRED BY AWARDING FEES AND COSTS UNDER 28 U.S.C. § 1447(c) AFTER DETERMINING THAT APPELLANTS RAISED AN OBJECTIVELY REASONABLE GROUND FOR REMOVAL

Under the Supreme Court's seminal decision in *Martin*, a district court may award fees and costs under Section 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." 546 U.S. at 141. The district court determined that removal based on diversity jurisdiction was objectively reasonable, J.A. 237, and it thus erred by awarding fees and

costs to appellee. Appellee resists that straightforward conclusion, but its arguments lack merit.

A. Appellee principally urges this Court to depart from the standard articulated by the Supreme Court in *Martin*, based on appellee's own view of the purposes of Section 1447(c). *See* Br. 15, 17-18. Of course, the Supreme Court already weighed the "large objectives" of Section 1447(c) in *Martin* and decided that "the standard for awarding fees should turn on the reasonableness of the removal," such that, "when an objectively reasonable basis exists, fees should be denied." 546 U.S. at 141. And the Court stated that fees should "not be awarded when the removing party has an objectively reasonable basis for removal." *Id.* at 136. It is therefore perplexing for appellee to argue that "[t]his Court should not construe *Martin*'s language to say anything more than what it actually says." Br. 15-16. What *Martin* "actually says" is that an award of fees and costs is impermissible in the circumstances under which the district court awarded fees and costs here.

Appellee suggests that the Supreme Court in *Martin* did not address the particular factual scenario in this case, because *Martin* involved "only one basis for removal." Br. 15. But nothing in the decision suggests that the Court was limiting its analysis to that factual scenario. And contrary to appellee's suggestion (Br. 15, 17), appellants' straightforward reading of *Martin* best promotes the "balance[]" between "pro-award and anti-award" approaches

3

that the Supreme Court sought to strike. 546 U.S. at 138. As the Supreme Court explained, Section 1447(c) seeks to deter "removals sought for the purpose of prolonging litigation . . . while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140. Where, as here, a removal is based on an objectively reasonable ground for removal, the removal cannot be said to have occurred for the purpose of prolonging the litigation. To be sure, the removing party may have raised additional grounds for removal. But "the marginal delay from adding . . . extra issue[s] to a case where the time for briefing, argument, and decision has already been accepted" is "likely to be small." *BP p.l.c.* v. *Mayor & City Council of Baltimore*, 593 U.S. 230, 245 (2021) (citation omitted).

Appellee responds that, under appellants' approach, a defendant could assert "dozens of objectively unreasonable removal grounds but escape 'just costs' under § 1447(c) so long as it happened to assert one not unreasonable ground." Br. 18. But appellee does not cite a single example of such extreme conduct; indeed, given that federal district courts are "courts of limited jurisdiction," it is questionable whether there ever would be "dozens" of grounds for removal for a party to assert in a given case. *Badgerow* v. *Walters*, 596 U.S. 1, 7 (2022). In any event, a district court has other sources of authority to police such extraordinary cases, including by imposing sanctions under Civil

4

Rule 11; 28 U.S.C. § 1927; and the court's inherent authority. Before the district court remanded the case, appellee did not request—and the district court did not order—sanctions on any other ground. Appellee's policy concern thus does not constitute a valid basis to deviate from the standard articulated in *Martin*.

Citing the Supreme Court's decision in *BP*, *supra*, appellee argues that appellants' interpretation of Section 1447(c) "conflicts with Section 1447(c)'s recognized role in countering 'gamesmanship.'" Br. 16 (citing *BP*, 593 U.S. at 246). But all the Court said in *BP* was that fees and costs may be available under Section 1447(c) "if [the defendant] frivolously removes a case from state court." 593 U.S. at 246. A removal supported by an objectively reasonable ground for removal is clearly not frivolous.

Appellee next contends that "a fee award is a determination entrusted to the district court's discretion, not prohibited as a matter of law." Br. 18. But the Court made clear in *Martin* that "[t]he fact that an award of fees under § 1447(c) is left to the district court's discretion . . . does not mean that no legal standard governs that discretion." 546 U.S. at 139. As the Court noted, "[d]iscretion is not whim, and limiting discretion according to legal standards helps promote the basic principle of justice that like cases should be decided alike." *Id.* The Supreme Court has thus already recognized that principles of

law limit a district court's discretion to award fees and costs under Section 1447(c). Those principles apply here.

Appellee compares the making of an award under Section 1447(c) to an exercise of a district court's inherent authority to impose sanctions, noting that such sanctions are appropriate "where the party advanced meritorious arguments alongside its sanctionable ones." Br. 20 (citation omitted). But the standard governing a district court's discretion under its inherent authority is motivated by different considerations than the standard governing its statutory discretion under Section 1447(c). A district court may award attorneys' fees under its inherent authority when "the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Trustees of New York State Nurses Association Pension Plan* v. *White Oak Global Advisors, LLC*, 102 F.4th 572, 616 (2d Cir. 2024) (internal quotation marks and citation omitted). But in considering Section 1447(c), the Supreme Court in *Martin* did not adopt that same standard and instead focused on the reasonableness of removal. 546 U.S. at 141. It is unsurprising that different rules would govern a district court's exercise of those two different types of authority.

B.  Appellee argues that precedent supports its position. Appellee is wrong.

Appellee first contends that this Court "has never prohibited a § 1447(c) fee award based on multiple objectively unreasonable removal grounds." Br.

19. That is true as far as it goes, but it does not go very far. The Court has also never affirmed a fee award where the removing defendant asserted at least one reasonable ground for removal. The issue is thus a question of first impression in this circuit.

As appellants have explained (Br. 16-18), both the Seventh Circuit in *Lott* v. *Pfizer, Inc.*, 492 F.3d 789 (2007), and the Fourth Circuit in *Common Cause* v. *Lewis*, 956 F.3d 246 (2020), have agreed that an award of fees and costs under Section 1447(c) is not appropriate where the removing party asserts multiple grounds for removal and at least one is deemed to be reasonable. Appellee offers no persuasive justification for this Court to depart from those decisions.

As to *Lott*: appellee does not dispute that the Seventh Circuit agreed with appellants' position here. Instead, appellee contends that this Court should disregard *Lott* because "neither party had briefed the issue of whether a fee award could be imposed if there was one unreasonable and one reasonable basis for removal." Br. 21. That is incorrect. In their opening brief in *Lott*, the appellants argued that the award of fees and costs should be reversed "even if the Court should find that one or more of the bases alleged for federal jurisdiction was unreasonable . . . so long as the Court finds that [the defendant] had any objectively reasonable basis for believing that federal courts could hear th[e] case." Br. of Appellants at 26 n.3, *Lott*, *supra* (No. 06-3372),

*available at* 2006 WL 3014388. Notably, the appellee in *Lott* did not disagree with that proposition, and the appellants reiterated in their reply brief that they "need[ed] only have had a single objectively reasonable basis for removal" and that, "once th[e] [c]ourt identifie[d] any such reasonable basis, the analysis should be at an end." Reply Br. at 18, *Lott*, *available at* 2006 WL 3625224. Those appellants thus raised the same issue that is before this Court now, and the Seventh Circuit agreed with their position. That the appellee did not disagree confirms that the position is uncontroversial.

As to *Common Cause*: appellee suggests (Br. 20) that the case is distinguishable because the district court determined that both of the defendant's grounds for removal were not objectively unreasonable and thus denied an award of fees and costs under Section 1447(c). But that is speculation; the district court stated only that the removing defendant "did not lack an objectively reasonable basis for seeking removal," without specifying whether both grounds were reasonable. 358 F. Supp. 3d 505, 515 (E.D.N.C. 2019). And the Fourth Circuit upheld that decision by relying only on the reasonableness of one of the two grounds asserted. 956 F.3d at 257. That decision, too, supports the conclusion that Section 1447(c) does not support an award of fees and costs where there is at least one reasonable ground for removal. *See also Vlaming* v. *West Point School Board*, 480 F. Supp. 3d 711, 724 (E.D. Va. 2020) (applying

8

*Common Cause* and denying a fee award where a single reasonable ground for removal was present).

## II. THE DISTRICT COURT ERRED BY ASSESSING THE REASON-ABLENESS OF REMOVAL BASED ON LAW AND CIRCUM-STANCES POSTDATING THE TIME OF REMOVAL

The district court also erred as a matter of law by assessing the reasonableness of removal based on the law and circumstances several years after appellants filed their notice of removal. That error independently requires reversal, and appellee's contrary arguments are unpersuasive.

A. Appellee first contends (Br. 21-22) that appellants failed to preserve this argument by not advancing it to the trial court. That is wrong. In setting forth the governing legal standard in its opposition to appellee's renewed motion to remand, appellants cited *Williams* v. *International Gun-A-Rama*, 416 Fed. Appx. 97 (2011), where this Court held that "[o]bjective reasonableness is evaluated based on the circumstances as of the time that the case was removed." *Id.* at 99; D. Ct. Dkt. 72, at 34-35. Appellants also cited *Bedminster Financial Group, Limited* v. *Umami Sustainable Seafood, Inc.*, Civ. No. 12-5557, 2013 WL 1234958 (S.D.N.Y. Mar. 26, 2013), which applied the same rule. *See id.* at *12; D. Ct. Dkt. 72, at 35. And each argument advanced by appellants was premised on the contention that removal was reasonable at the time of removal. *See* D. Ct. Dkt. 72, at 34-35.

In any event, even if the argument were unpreserved, this Court exercises review over unpreserved arguments where "the argument presents a question of law and there is no need for additional fact-finding." *Dean* v. *Blumenthal*, 577 F.3d 60, 67 n.6 (2009) (citation omitted). The question whether the reasonableness of removal must be assessed as of the time for removal is a pure question of law, and the Court should address it here.

B.     Appellee's arguments on the merits are likewise unpersuasive. As appellants have demonstrated (Br. 21-23), eight courts of appeals have held that a court must assess the reasonableness of removal based on the law and circumstances at the time of removal, rather than at a later point in time. This Court has joined this consensus in unpublished decisions. *See*, *e.g.*, *Williams*, 416 Fed. Appx. at 99.

Appellee does not suggest that those cases were wrongly decided. *See* Br. 25-26. Instead, appellee says that they do not govern here because appellants were "given the opportunity to, in effect, re-do a notice of removal" when the district court directed the parties to re-brief the motion to remand. Br. 25. But that proves far too much. Under appellee's theory, any change in the law between the time a party filed its notice of removal and its opposition to the motion to remand could give rise to an award under Section 1447(c). Yet appellees cite no case permitting an award under Section 1447(c) in those circumstances.

Appellee argues (Br. 23) that the text of Section 1447(c) supports its out-lying rule. Just the opposite. Section 1447(c) allows for an award of fees and costs "incurred as a result of *the removal*," not as a result of arguments made in opposition to a motion to remand. 28 U.S.C. § 1447(c) (emphasis added). This Court's decision in *Williams* is illustrative. In vacating the fee award there, the Court determined that the defendants had an objectively reasonable basis for removal, despite failing to obtain a co-defendant's consent to remove, because "the thirty-day period in which to obtain his consent to removal had not run at the time of removal, and the removal could therefore have been pro-cedurally proper had his consent been subsequently and timely obtained." 416 Fed. Appx. at 100. The Court thus focused on the circumstances at the time of removal, not at the time the plaintiffs moved to remand or at the time the defendants opposed the plaintiffs' motion. *See id.*

Appellee next argues (Br. 24) that *Martin* does not impose restrictions on discretionary awards beyond the reasonableness requirement. To be sure, *Martin* did not directly address when the reasonableness of removal should be assessed. But that does not mean that no additional restrictions may exist; the Court recognized that a district court's discretion under Section 1447(c) "is to be guided by sound legal principles." 546 U.S. at 139. And notably, the Tenth Circuit's decision under review in *Martin* stated that, despite the vary-

ing standards amongst the courts of appeals, "there remains the broadly accepted position that if a defendant's removal could be fairly supported by the law at the time, even if later deemed incorrect, a district court's discretionary decision not to award fees is appropriate." *Martin* v. *Franklin Capital Corp.*, 393 F.3d 1143, 1147 (2004). The Supreme Court also favorably cited *Valdes* v. *Wal-Mart Stores, Inc.*, 199 F.3d 290 (2000), in which the Fifth Circuit "evaluate[d] the objective merits of removal at the time of removal." *Id.* at 293; *see Martin*, 546 U.S. at 141. Accordingly, *Martin* provides no support for appellee's position.

Finally, appellee contends that its case-specific rule is "in alignment with the 'large objectives' of § 1447(c)." Br. 26. But as appellants have explained (Br. 23-24), appellee's rule would allow for the imposition of fee awards based on legal and factual developments after removal, which would discourage defendants from removing cases within the narrow window of time afforded unless the law is well-settled. Permitting the district court's award of fees here based on post-removal legal developments would thus undermine "Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin*, 546 U.S. at 140.

## III. UNUSUAL CIRCUMSTANCES DO NOT INDEPENDENTLY SUPPORT THE FEE AND COST AWARD IN THIS CASE

In a last-ditch effort to salvage the district court's award, appellee argues (Br. 27-31) that "unusual circumstances" can independently justify an

award of fees and costs. But the district court did not base its fee award on the presence of unusual circumstances. In its motion requesting fees and costs, appellee did urge the district court to award fees and costs "even [if] an objectively reasonable basis exists," because the case presented "unusual circumstances." D. Ct. Dkt. 69, at 34-35. In response, appellants argued that appellee "cite[d] no case awarding costs and fees due to 'unusual circumstances' where objectively reasonable grounds for removal were present." D. Ct. Dkt. 72, at 35. Appellee did not continue to press the argument in its reply brief, *see* D. Ct. Dkt. 75, at 20, and the district court did not purport to ground its award on the presence of "unusual circumstances," J.A. 234-237. Instead, the court based its order entirely on its determination that appellants made "arguments that it was not reasonable" to press at the time of the renewed motion to remand. J.A. 237.

Because the district court declined to base its fee award on the presence of "unusual circumstances," the award should not be affirmed on that alternative ground. Indeed, even if the district court had not already declined to award fees on that basis, affirmance would be appropriate only if "it would have been an abuse of discretion for the trial court to rule otherwise"—that is, to decline to award fees on that basis. *See, e.g., Ashby* v. *McKenna*, 331 F.3d 1148, 1151 (10th Cir. 2003). Appellee has not shown that the district court was *required* to award fees based on the presence of unusual circumstances.

13

In any event, unusual circumstances cannot justify a fee award where, as here, an objectively reasonable basis for removal exists. When identifying situations in which a departure from the general rule of *Martin* might be appropriate, the Supreme Court mentioned only "a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction." 546 U.S. at 141. Those situations are unusual ones in which a court might either exercise its discretion to *deny* a plaintiff fees and costs even when the defendant lacked an objectively reasonable basis for removal, or to award a *defendant* fees and costs because of the plaintiff's misconduct. *See id.*; *MicroMetl Corp.* v. *Tranzact Technologies, Inc.*, 656 F.3d 467, 470-471 (7th Cir. 2011). The best understanding of *Martin* is thus that a district court should deny fees when an objectively reasonable basis exists and may exercise its *discretion* to decline to award fees even where the removal was not objectively reasonable. Accordingly, if "no objectively reasonable basis was present, costs and fees are proper, but not otherwise." *Lamar Company, L.L.C.* v. *Mississippi Transportation Commission*, 976 F.3d 524, 534 (5th Cir. 2020). The district court thus lacked the discretion to award fees here because an objectively reasonable basis for removal was present.

This Court's decision in *Morgan Guaranty Trust Company of New York* v. *Republic of Palau*, 971 F.2d 917 (1992), does not require a different result. There, the Court stated that Section 1447(c) "affords district courts a good

deal of flexibility in dealing with unusual circumstances." *Id.* at 924 n.3. That statement pre-dates *Martin* and is consistent with appellants' position: where no reasonable ground of removal is present, the district court has discretion to decide whether to award fees.

Even if unusual circumstances could be invoked in this case, there are no unusual circumstances that justify the award of fees and costs here. The district court did not find, and appellee does not argue, that appellants' decision to remove this case in 2021 was for an improper purpose. Instead, appellee argues that appellants' "failure to concede" to the renewed motion to remand in 2024 could "no longer be considered a good faith litigation strategy." Br. 29 (citation omitted). The district court, however, did not find that appellants' removal or opposition was for the purpose of prolonging this litigation or imposing costs on appellees. *See Martin*, 546 U.S. at 141. Rather, the district court acknowledged that appellants "may have removed this case in good faith" and their opposition to the renewed motion to remand was based on a desire to "bring this . . . case[] into federal court." J.A. 236-237. Nor did appellants ignore this Court's decision in *Connecticut* v. *Exxon Mobil Corp.*, 83 F.4th 122 (2023), when rebriefing the issue of removal jurisdiction: they abandoned one ground for removal (OCSLA); raised another (federal officer) only to preserve the issue for future appellate review; and explained how a third (federal common law) raised an issue this Court expressly left open in its

15

decision in *Connecticut*, *id.* at 138 n.4. *See* Br. of Appellants 8-9. Accordingly, appellee's own standard for identifying "unusual circumstances" (Br. 29) does not apply in this case.

It would have been perverse for the district court to conclude that appellants' opposition to the renewed motion to remand could have prolonged the litigation or imposed costs on appellee. On its own accord, the district court denied appellee's motion to remand without prejudice following this Court's decision in *Connecticut*, requiring the parties to relitigate the motion on the district court's desired schedule. *See* J.A. 208-209. Any additional time or expense spent litigating in federal court thus cannot be traced to appellants' opposition to the renewed motion to remand, but rather is attributable to the district court's management of its own docket. The award of fees and costs thus cannot be justified by the underlying purposes of the fee-shifting statute.

*   *   *   *   *

The order of the district court granting in part appellee's request for fees and costs under 28 U.S.C. § 1447(c) should be reversed.

Respectfully submitted,

/s/ Kannon K. Shanmugam

| | |
|---|---|
| DAVID C. FREDERICK | KANNON K. SHANMUGAM |
| DANIEL S. SEVERSON | KYLE SMITH |
| GRACE W. KNOFCZYNSKI | WILLIAM T. MARKS |
| KELLOGG, HANSEN, TODD, FIGEL | BERNADETTE R. NELSON |
|   & FREDERICK, P.L.L.C. | JAKE L. KRAMER |
|   *1615 M Street, N.W., Suite 400* | PAUL, WEISS, RIFKIND, |
|   *Washington, DC 20036* |   WHARTON & GARRISON LLP |

DAVID C. FREDERICK
DANIEL S. SEVERSON
GRACE W. KNOFCZYNSKI
KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.
  *1615 M Street, N.W., Suite 400*
  *Washington, DC 20036*

*Attorneys for Shell plc (f/k/a Royal
Dutch Shell plc) and Shell USA Inc.
(f/k/a Shell Oil Company)*

AARON F. JAROFF
MCGUIREWOODS LLP
  *1251 Avenue of the Americas,
    20th Floor
  New York, NY 10020*

BRIAN D. SCHMALZBACH
MCGUIREWOODS LLP
  *800 East Canal Street
  Richmond, VA 23219*

*Attorneys for the American
Petroleum Institute*

KANNON K. SHANMUGAM
KYLE SMITH
WILLIAM T. MARKS
BERNADETTE R. NELSON
JAKE L. KRAMER
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
  *2001 K Street, N.W.
  Washington, DC 20006*
  *(202) 223-7300*
  kshanmugam@paulweiss.com

THEODORE V. WELLS, JR.
DANIEL J. TOAL
DAVID K. KESSLER
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
  *1285 Avenue of the Americas
  New York, NY 10019*

*Attorneys for Exxon Mobil
Corporation and ExxonMobil
Oil Corporation*

DIANA E. REITER
ARNOLD & PORTER KAYE
  SCHOLER LLP
  *250 West 55th Street
  New York, NY 10019*

*Attorney for BP p.l.c. and
BP America Inc.*

JANUARY 31, 2025

17

## CERTIFICATE OF COMPLIANCE
## WITH TYPEFACE AND WORD-COUNT LIMITATIONS

I, Kannon K. Shanmugam, counsel for appellant Exxon Mobil Corporation and ExxonMobil Oil Corporation and a member of the Bar of this Court, certify, pursuant to Federal Rule of Appellate Procedure 32(g) and Local Rule 32.1(a)(4), that the foregoing Reply Brief of Appellants Exxon Mobil Corporation, ExxonMobil Oil Corporation, Royal Dutch Shell plc, Shell Oil Company, BP p.l.c., BP America Inc., and American Petroleum Institute is proportionately spaced, has a typeface of 14 points or more, and contains 3,827 words.

JANUARY 31, 2025

/s/ Kannon K. Shanmugam
KANNON K. SHANMUGAM